JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, David Beard, appeals from the trial court's judgment sentencing him to an 18-year prison term after finding him guilty of several crimes.
 {¶ 2} The record before us demonstrates that on August 9, 2003, appellant, after being pulled over by the police in a stolen vehicle, fled the scene in the vehicle and led the police on a chase. During the course of the chase, appellant lost control of the vehicle and went off the road, hitting the victim in this case, Michael Watley, who died as a result of the injuries he suffered. After hitting Mr. Watley, appellant continued to lead the police on a chase, until he subsequently lost control of the vehicle again, hit another car, and flipped over the stolen vehicle he was driving. The passenger who was in the vehicle with appellant, Ewonda Carlock, suffered injuries as a result of the collision.
 {¶ 3} A glass crack pipe was found inside the vehicle, and appellant had a blood-alcohol level of 0.167, more than twice the legal limit.
 {¶ 4} As a result of the above-mentioned facts, appellant was charged with the following crimes in case number CR-441472: failure to comply with the order or signal of a police officer (count one); receiving stolen property (count two); aggravated robbery with a repeat violent offender specification (count three); murder with a repeat violent offender specification (count four); involuntary manslaughter (count five); aggravated vehicular homicide with a repeat violent offender specification (count six); aggravated vehicular assault (count seven); possession of drugs (count eight); failure to stop after an accident (count nine); and grand theft of a motor vehicle (count ten).
 {¶ 5} Appellant was further indicted in case number CR-447587 on one count of aggravated vehicular homicide with a repeat violent offender specification.
 {¶ 6} Appellant waived his right to a jury trial, and the case proceeded to a bench trial, at the conclusion of which, appellant was found guilty of the following crimes in case number CR-441472: failure to comply with the order or signal of a police officer (count one); receiving stolen property (count two); involuntary manslaughter with the repeat violent offender specification (count five); aggravated vehicular homicide with the repeat violent offender specification (count six); aggravated vehicular assault with the repeat violent offender specification (count seven); and failure to stop after an accident (count nine).[1]
 {¶ 7} Appellant was further found guilty of the aggravated vehicular homicide count with the repeat violent offender specification in case number CR-447587.
 {¶ 8} Appellant was sentenced by the trial court to an 18-year prison term. Specifically, appellant was sentenced to a merged sentence of ten years on counts five and six, involuntary manslaughter and aggravated vehicular homicide, respectively, and the sole count of aggravated vehicular homicide in case number CR4-47587. On count one, failure to comply with the order or signal of a police officer, appellant was sentenced to two years, and on count seven, aggravated vehicular assault, he was sentenced to one year. Appellant was further sentenced to a five-year prison term for the repeat violent offender specifications. The sentences were ordered to be served consecutively to each other.
 {¶ 9} Further, the trial court imposed a sentence of one year on counts two and nine, receiving stolen property and failure to stop after an accident, respectively. The trial court ordered those sentences to run concurrently to each other and concurrently to the above-mentioned consecutive sentence.
 {¶ 10} Appellant now challenges the sentence imposed upon him.
 {¶ 11} In his first assignment of error, appellant contends that the trial court erred in sentencing him to consecutive terms because it failed to make the requisite findings pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c). We disagree.
 {¶ 12} In imposing consecutive prison terms for convictions of multiple offenses, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). According to this statute, a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the following applies: (a) the crimes were committed while awaiting trial or sentencing, under a community control sanction or under post-release control; (b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 13} When the trial court makes these findings in support of imposing consecutive sentences, it must also state its reasons on the record why it made the findings pursuant to R.C. 2929.19(B)(2)(c). Statev. Gary (2001), 141 Ohio App.3d 194, 750 N.E.2d 640.
 {¶ 14} In this case, we find that the trial court made the statutorily mandated findings set forth in R.C. 2929.14(E)(4). In particular, the court stated that, "the harm that you created on this date was so great and unusual that a single term does not adequately address the seriousness of your conduct." The court further stated that, "one sentence is not adequate to punish you and protect the public * * * [and] * * * you have a long criminal history of similar activities [and] * * * you were on parole at the time of this offense * * *."
 {¶ 15} While the court did not recite the exact words of the statute in regard to the proportionately of consecutive terms, it is not required to state those "magic" or "talismanic" words in order to impose consecutive sentences upon an offender. See State v. Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020. In this case, the reasons stated on the record make it obvious that the consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. Those reasons, stated by the trial court as required by R.C. 2929.19(B)(2)(c), were lengthy and exhaustive:
 {¶ 16} "Listening to the testimony in this case, and the evidence, with respect to the repeat violent offender specification, the testimony from that officer, leads this Court to believe that * * * you have been making a habit of playing games and trying to outwit the police, and you think that's acceptable behavior. * * *
 {¶ 17} "That's exactly what it appears to me; is that you have been playing games with the police. You stop when they ask you to stop. Then as soon as it's [to] your advantage, to their disadvantage, you take off.
 {¶ 18} "That appears to be your history with regard to dealing with the police. Like you are going to outsmart them or outwit them or out drive them or what have you, but in this instance the activities and conduct caught up with you and, unfortunately for Mr. Watley, he was in the way.
 {¶ 19} "But it caught up with you in the worst possible way because you caused the death of a man who was innocent and had done nothing to you, didn't even know you and was trying to get out of your way.
 {¶ 20} "And to say you didn't intentionally kill this man, but you intentionally ingested all that alcohol, all that brandy, then got behind the wheel of a car, what happened should have been expected to happen.
 {¶ 21} "That's why there is a law against drinking and driving. Because of the potential harm to other people. That's not just harm. This is the ultimate. This man is dead."
 {¶ 22} The court went on to explain that the sentence it imposed was "[f]or the reasons that [it] just stated, as well as considering that you have a long criminal history of similar activities, [and] that you were on parole at the time of this offense * * *."
 {¶ 23} The court further expounded upon its reasons for consecutive sentences: "what began this event is the failure to comply with a signal from a police officer * * * and had you not continued to flee from the police, the ultimate would not be effected today.
 {¶ 24} "* * * You put Miss Carlock in danger. In fact you did injure her by virtue of your recklessness and your driving while intoxicated * * *.
 {¶ 25} "Further, with regard to the repeat violent offender specification, this Court feels that the penalties I just imposed are not sufficient, are not adequate to protect the public against someone that conducted themselves as you do with disregard for whether you are going to injure someone or kill someone or damage vehicles and/or property and so forth.
 {¶ 26} "I mean, on this trek you did it all. It's necessary to protect the public and to punish you for the events occasioned on August 9, 2003, and necessary so as not to demean the seriousness of this offense, which results in an innocent man dying. * * *.
 {¶ 27} "All of these penalties are consecutive. They are consecutive because, in the Court's opinion, you were on parole. You disregarded public safety. You drank intentionally and drove the vehicle. You never stopped after you hit this man, and you ended up causing property damage and injury to yourself and to Miss Carlock."
 {¶ 28} We find implicit in the trial court's statements a finding that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger appellant posed to the public. Further, we find that the facts of this case more than justify such a finding.
 {¶ 29} Appellant's first assignment of error is overruled.
 {¶ 30} In his second assignment of error, appellant argues that the trial court erred in sentencing him because it failed to make a finding pursuant to R.C. 2929.11 that his sentence was consistent with similarly situated offenders. We disagree.
 {¶ 31} The sentencing statutes contain two different kinds of proportionality review. The first is a general proportionality review under R.C. 2929.11(B). That section states:
 {¶ 32} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentences * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 33} The second kind of proportionality review is conducted when the court imposes consecutive sentences pursuant to R.C. 2929.14(E)(4), in which the court must determine, as already discussed, that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *."
 {¶ 34} In State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571, we stated at ¶ 20 that:
 {¶ 35} "While R.C. 2929.14(E)(4) demands the trial court make findings on the record to evidence the proportionality of consecutive sentences, R.C. 2929.11 entails no such burden. The reason for this disparity is clear from Senate Bill 2's construction. As we previously noted, R.C.2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts via application of sections such as R.C. 2929.14(E)(4). R.C. 2929.11 does not require findings; rather it sets forth objectives for sentencing courts to follow."
 {¶ 36} In this case, the court's sentencing journal entry reflects that it considered R.C. 2929.11 and found prison to be consistent with the statute's purpose. The court had no obligation to make any specific findings on the proportionality of appellant's sentence, aside from those it validly made as when considering the purposes and principles of R.C.2929.11. See, also, State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341; State v. Scott, Cuyahoga App. No. 82146, 2003-Ohio-4066;State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175.
 {¶ 37} Even had there been an express duty for the court to state factors going to the proportionality of the sentence, we would not reverse the court because appellant has made no attempt to show us that his sentence is disproportionate to sentences given out in similar cases. See State v. Elder, Cuyahoga App. No. 80677, 2002-Ohio-3797.
 {¶ 38} Appellant's second assignment of error is overruled.
 {¶ 39} In his third assignment of error, appellant maintains that the trial court erred by failing to merge his conviction for aggravated vehicular assault with his convictions for involuntary manslaughter and aggravated vehicular homicide.
 {¶ 40} We initially note that no objection was made at sentencing to the trial court's failure to so merge the counts. An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at the time when such error could have been avoided or corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112,364 N.E.2d 1364. As appellant failed to object at the sentencing hearing, he has waived all but plain error review pursuant to Crim.R. 52(B).
 {¶ 41} Upon review, we find that the trial court did not err in failing to merge the aggravated vehicular assault charge with the involuntary manslaughter and aggravated vehicular homicide charges. The former charges related to the death of Mr. Watley, while the latter charge related to injuries suffered by Ms. Carlock, the passenger in the stolen vehicle.
 {¶ 42} As the charges related to two different victims, a separate animus existed for each victim and, thus, appellant was properly sentenced for each of the victims. See State v. Gregory (1993),90 Ohio App.3d 124.
 {¶ 43} Appellant's third assignment of error is overruled.
 {¶ 44} In appellant's fourth and fifth assignments of error, he contends that the trial court's imposition of maximum consecutive prison terms upon him was in violation of Blakely v. Washington (2004)124 S.Ct. 2531. That issue has recently been addressed by this court inState v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, wherein we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contentions and overrule his fourth and fifth assignments of error.
 {¶ 45} In appellant's sixth and final assignment of error, he contends that the repeat violent offender specifications violated his Sixth Amendment right to a jury trial. Because appellant voluntarily waived his right to a jury trial, this assignment of error is moot, and hereby overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Sweeney, J., concur.
[1] At the conclusion of the State's case-in-chief, the defense made a Crim.R. 29 motion for judgment of acquittal as to all of the charges. The motion was granted as to counts three, four and ten of the indictment in case number CR-441472. Further, count eight of the indictment in that case was dismissed by the State prior to trial.