JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Robert Watson, appeals from the judgment of the Common Pleas Court finding him guilty of assault on a police officer, failure to comply with a lawful order of a police officer, and drug trafficking, and sentencing him to a four-year and five-month term of incarceration. Watson challenges the sentence imposed. For the reasons that follow, we vacate his sentence and remand for resentencing.
 {¶ 2} This case arose when an informant purchased less than one gram of crack cocaine from Watson. When Watson spotted the police who were conducting surveillance of the controlled buy, he ordered the informant out of his car and fled. An automobile chase ensued. Watson ultimately lost control of his vehicle and struck a detective's car, which then hit a fence. The chase spanned a few blocks and no one was hurt as a result of the pursuit.
 {¶ 3} The Grand Jury returned a seven-count felony indictment against Watson. He subsequently reached a plea agreement with the State, in which he pled guilty to assault on a police officer, a fourth degree felony; failure to comply with a lawful order of a police officer, a third degree felony; and drug trafficking, a fifth degree felony. In exchange for his guilty plea, the State moved to dismiss the remaining counts of the indictment.
 {¶ 4} The trial court subsequently held a sentencing hearing. At the hearing, the trial judge stated that he had reviewed the presentence investigation report, which summarized the incident giving rise to the case. The trial judge noted that Watson had a prior record: two misdemeanor drug cases, two felony drug cases, and a case involving obstructing official business and resisting arrest. The trial judge found that Watson had a history of drug abuse arrests and of failing to comply with orders of police officers and then stated:
 {¶ 5} I do find you have not served a prior prison term before. I do find, however, that given the seriousness of the offense, it would demean your crime to give you the minimum prison term here."
 {¶ 6} The judge then sentenced Watson to 17 months incarceration on count one (assault on a police officer), 12 months incarceration on count four (drug trafficking), and three years on count two (failure to comply with a lawful order of a police officer). The sentences on counts one and four were concurrent; however, count two was ordered served consecutively. The sentence on each count was more than the minimum; the sentence on count four was the maximum.
 MORE THAN THE MINIMUM SENTENCE {¶ 7} In his first assignment of error, Watson argues that the trial court erred by imposing more than the minimum allowable sentence on counts one and four.
 {¶ 8} R.C. 2929.14(B) provides that if an offender has not served a previous prison term, the trial court must impose the minimum sentence unless it finds on the record that a minimum sentence would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." In State v. Edmonson (1999),86 Ohio St.3d 324, 1999-Ohio-110, the Ohio Supreme Court construed R.C.2929.14(B) to mean that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Here, the trial court specifically found that "given the seriousness of the offense, it would demean your crime to give you the minimum prison term here."
 {¶ 9} Watson argues that this finding applied only to count two, however, and not to counts one and four. We disagree. Immediately after finding that a minimum sentence would demean the seriousness of Watson's crime, the trial court stated:
 {¶ 10} "Therefore, on count 1, assault on a peace officer I'm going to sentence you to 17 months Lorain Correctional Institute.
 {¶ 11} "On count 4, the drug trafficking, I'm going to sentence you to 12 months at LCI. Both sentences will run concurrent to each other.
 {¶ 12} "And now on count 2, failure to comply with order or signal of a police officer, this is required by law to run consecutive to the other counts. I am going to sentence you to three years at Lorain Correctional Institute."
 {¶ 13} Each of the three counts for which Watson was sentenced were related to the single incident that gave rise to his convictions. Accordingly, on this record, we find the trial court's finding related to each of the three counts for which Watson was sentenced and, therefore, we conclude that the trial court complied with R.C. 2929.14(B) in sentencing Watson to more than the minimum sentence on counts one, two and four.
 {¶ 14} Appellant's first assignment of error is overruled.
 THE MAXIMUM SENTENCE ON COUNT FOUR {¶ 15} In his second assignment of error, Watson argues that the trial court erred in sentencing him to the maximum sentence on count four, drug trafficking.
 {¶ 16} Watson pled guilty to drug trafficking in an amount less than one gram, a fifth degree felony punishable by a prison term of six, seven, eight, nine, ten, eleven or twelve months.
 {¶ 17} R.C. 2929.14(C) provides:
 {¶ 18} "* * * The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 19} Thus, to impose the maximum sentence, the trial court must make a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. State v. Hollander (2001),144 Ohio App.3d 565, 569. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. Id.
 {¶ 20} In addition to making the required finding under R.C.2929.14(C) when imposing a maximum sentence, the trial court is also required to state its reasons supporting its finding. See, R.C. 2929.19(B)(2)(d); see, also, State v. Edmonson, supra.
 {¶ 21} Here, the trial court made no finding that Watson committed the worst form of the offense or posed the greatest likelihood of recidivism before it imposed the maximum sentence for drug trafficking. Additionally, the trial court gave no reasons for imposing the maximum sentence. Accordingly, the trial court did not comply with the requirements of R.C. 2929.14(C) and2929.19(B)(2)(d) in imposing the maximum sentence.
 {¶ 22} Nevertheless, we find the trial court's error to be harmless, because the court ordered that Watson's 12-month maximum sentence on count four be served concurrently with his 17-month sentence on count one, which was not a maximum sentence.
 {¶ 23} Appellant's second assignment of error is therefore overruled.
 BLAKELY ISSUES {¶ 24} In his third assignment of error, Watson argues that the trial court's imposition of more than the minimum sentence violates Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, in which the United States Supreme Court held that the Sixth Amendment's right to trial by jury requires that facts considered by a judge in criminal sentencing (other than criminal history) must be authorized by the jury's verdict or the defendant's plea. Specifically, Watson argues that Ohio's statutory sentencing guidelines favor minimum sentences for offenders who have no prior history of imprisonment and a trial court must make a specific factual finding (i.e., that a minimum sentence would demean the seriousness of the offender's conduct or not adequately protect the public) before imposing a sentence beyond the minimum. According to Watson, because that factual finding enhances the statutorily presumed minimum sentence, it must be either made by a jury or admitted by a defendant. Therefore, Watson asserts, because he "did not admit to serving a prior term of incarceration and the fact was not found beyond a reasonable doubt by a jury," the trial court erred in sentencing him to more than the minimum sentence.
 {¶ 25} Watson's argument that his nonminimum sentence violates Blakely was addressed in this court's en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151,2005-Ohio-2666. In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of minimum sentences, does not implicate the Sixth Amendment as construed in Blakely.
Accordingly, in conformity with that opinion, we reject Watson's contentions and overrule his third assignment of error.
 {¶ 26} Likewise, we reject Watson's argument in his fourth assignment of error that his maximum sentence for drug trafficking implicates Blakely. In State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, we held that R.C.2929.14(C), which governs the imposition of maximum sentences, does not implicate the Sixth Amendment right to a jury as construed in Blakely. Accordingly, in conformity with that opinion, we reject Watson's contentions and overrule his fourth assignment of error.
 CONSISTENCY IN SENTENCING {¶ 27} In his fifth assignment of error, Watson argues that the trial court erred in sentencing him because it failed to make a finding pursuant to R.C. 2929.11 that his sentence was consistent with those of similarly situated offenders. We disagree.
 {¶ 28} "The sentencing statutes contain two different kinds of proportionality review. The first is a general proportionality review under R.C. 2929.11(B). That section states:
 {¶ 29} "`A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.'
 {¶ 30} "The second kind of proportionality review is conducted when the court imposes consecutive sentences pursuant to R.C. 2929.14(E)(4), in which the court must determine, * * *, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." State v. Beard, Cuyahoga App. Nos. 84779 and 84780, 2005-Ohio-3417, at ¶ s 32-33.
 {¶ 31} This court has previously found that "while R.C.2929.14(E)(4) demands the trial court make findings on the record to evidence the proportionality of consecutive sentences, R.C.2929.11 entails no such burden. The reason for this disparity is clear from Senate Bill 2's construction. * * * R.C. 2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts via application of sections such as R.C. 2929.14(E)(4). R.C. 2929.11 does not require findings; rather, it sets forth objectives for sentencing courts to follow." State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571, at ¶ 20.
 {¶ 32} Additionally, this court has found that a defendant cannot raise the inconsistency issue on appeal unless that defendant has presented some evidence, however minimal, in the trial court that his sentence was inconsistent with sentences imposed on similar offenders. See, e.g., Beard, supra; Statev. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932.
 {¶ 33} Here, Watson failed to demonstrate, either at the trial level or on appeal, that similarly situated offenders were sentenced differently than him. There is nothing in the record that would indicate that the imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses.
 {¶ 34} Accordingly, appellant's fifth assignment of error is not well taken.
 SENTENCING ON COUNTS ONE AND FOUR {¶ 35} In his sixth assignment of error, Watson contends that the trial court erred in sentencing him on counts one and four, fourth and fifth degree felonies, respectively, because it failed to consider the factors listed in R.C. 2929.13(B)(1) and failed to make a finding giving its reasons for selecting the sentence imposed, as required by R.C. 2929.19(B)(2)(a). The State concedes this assignment of error.
 {¶ 36} When sentencing a defendant for a fourth or fifth degree felony, the trial court must first consider the factors listed in R.C. 2929.13(B)(1), which provides:
 {¶ 37} "* * * [I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 38} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 39} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 40} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 41} "(d) The offender held a public office or position of trust and the offense related to that office or position * * *.
 {¶ 42} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 43} "(f) The offense is a sex offense * * *.
 {¶ 44} "(g) The offender previously served a prison term.
 {¶ 45} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on bond or personal recognizance.
 {¶ 46} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 47} If a court makes any such finding and if, after considering the factors set forth in R.C. 2929.12, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and finds that the offender is not amenable to an available community control sanction, the court must impose a prison sentence. See R.C. 2929.13(B)(2)(a).
 {¶ 48} Conversely, if a court finds that none of the factors set forth in R.C. 2929.13(B)(1) apply and if, after considering the factors set forth in R.C. 2929.12, finds that a community control sanction is consistent with the purposes and principles of sentencing, the court must impose a community control sanction upon the offender. See R.C. 2929.13(B)(2)(b).
 {¶ 49} In addition, whenever the trial court imposes a sentence of imprisonment for a fourth or fifth degree felony, it must "make a finding that gives its reasons for selecting the sentence imposed * * *." R.C. 2929.19(B)(2)(a); see, also,Edmonson, supra.
 {¶ 50} The trial court erred in sentencing Watson to prison because it did not find any of the factors set forth in R.C.2929.13(B)(1) to apply in this case. Indeed, the trial court made no reference whatsoever to any of the factors, nor did the court explain why community control sanctions were not appropriate in this case. Similarly, the trial court did not indicate that it had considered the factors set forth in R.C. 2929.12 or explain why prison was appropriate in this case. As the State concedes, the trial court failed to properly apply any of the statutory guidelines for sentencing on a fourth or fifth degree felony.
 {¶ 51} Appellant's sixth assignment of error is sustained.
 {¶ 52} Sentence vacated; remanded for resentencing in accordance with this opinion.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., concurs. Gallagher, P.J., concurs withSeparate Concurring Opinion.
 CONCURRING OPINION