JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} After a jury trial, defendant-appellant, Johnny Walker, was found guilty of one count of aggravated murder, with a firearm specification, and one count of attempted aggravated murder. In a bifurcated proceeding, the trial court found him guilty of having a weapon while under a disability. The court then sentenced Walker to a term of 34 years to life in prison.
 {¶ 2} Walker appealed both his convictions and sentence. In State v.Walker, Cuyahoga App. No. 87373, 2007-Ohio-393, this court affirmed Walker's convictions, but vacated his sentence and remanded for resentencing in light of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 3} On remand, the trial court sentenced Walker to a term of 32 years to life in prison. Specifically, he was sentenced to 20 years to life imprisonment on the aggravated murder charge, plus a six-year term for the firearm specification, a consecutive six-year term on the attempted murder charge, and a concurrent three-year term for having a weapon while under a disability. The trial court did not advise Walker at resentencing that he would be subject to postrelease control with respect to his convictions for attempted murder and having a weapon while under a disability.
 {¶ 4} Walker raises four assignments of error on appeal. For clarity, we consider them out of their assigned order.
 {¶ 5} In his third assignment of error, Walker contends that underState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, his sentence is void, because the trial *Page 4 
court failed to advise him at the resentencing hearing that he would be subject to postrelease control regarding his convictions for attempted murder and having a weapon while under a disability (counts five and eight). The State concedes the error.
 {¶ 6} In Bezak, the Ohio Supreme Court held that when an offender is convicted of one or more offenses where postrelease control is required, and the trial court fails to notify the offender at the sentencing hearing that he may be subject to postrelease control regarding those offenses, the sentence is void and the offender is entitled to a new sentencing hearing for that particular offense. In this case, postrelease control was required with respect to counts five and eight. See R.C. 2929.14(F) and 2967.28. Accordingly, Walker's sentence on those counts is void and the matter is remanded for resentencing on those counts.
 {¶ 7} Appellant's third assignment of error is sustained. Thus we address his remaining assignments of error only as they relate to his sentence for aggravated murder and the accompanying firearm specification.
 {¶ 8} In his first assignment of error, Walker contends that his sentence is contrary to law and violates his due process rights, because the trial court did not consider whether his sentence was consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 9} This court reviews a felony sentence de novo. R.C. 2953.08. A sentence will not be disturbed on appeal unless we clearly and convincingly find that *Page 5 
the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2); State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836, at ¶ 12.
 {¶ 10} After Foster, courts have full discretion to sentence a defendant within the statutory range and without stating any findings. See State v. Williams, Cuyahoga App. No. 87320, 2006-Ohio-4768. In exercising its discretion when sentencing an offender, a trial court must still carefully consider the statutes that apply to every felony case, including R.C. 2929.11 and 2929.12, and the statutes that are specific to the case itself. State v. Mathis, 109 Ohio St.3d 54, 62,2006-Ohio-855.
 {¶ 11} Under R.C. 2929.11(B), a sentence imposed for a felony "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing [protecting the public from future crime and punishing the offender] * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 12} When reviewing a trial court's proportionality analysis, we review the record to determine if it demonstrates that the trial court failed to consider the purposes and principles of R.C. 2929.11.State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341, at ¶ 27. But, R.C. 2929.11 does not require specific findings by the trial court; rather, it sets forth objectives for sentencing courts to *Page 6 
follow. State v. Watson, Cuyahoga App. No. 86394, 2006-Ohio-696, at ¶ 31, citing State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571, at ¶ 20. "R.C. 2929.11(B) is not a rigid checklist of requirements, but merely a guideline for courts to follow." Georgakopoulos at ¶ 27.
 {¶ 13} Our review of the record indicates that the trial court considered the purposes and principles of R.C. 2929.11 in sentencing Walker. The trial judge specifically noted that he was required to consider R.C. 2929.11 and 2929.12 in sentencing Walker, addressed the factors contained therein, and stated, "[a]ccordingly, I'm considering all the factors applicable." Because the trial court is not required to make specific findings on the record, the sentence imposed is within the statutory range for Walker's convictions, and the record reflects that the trial judge considered the purposes and principles of R.C. 2929.11
in sentencing Walker, we find that Walker's sentence is not contrary to law.
 {¶ 14} Appellant's first assignment of error is overruled.
 {¶ 15} In his second assignment of error, Walker argues that the trial court violated due process guarantees and ex post facto principles by retroactively applying changes to Ohio's sentencing statute adopted by the Ohio Supreme Court in Foster. This court has thoroughly reviewed this argument in prior cases and repeatedly rejected it. See, e.g.,State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 37-47;State v. Lawwill, Cuyahoga App. No. 88251, 2007-Ohio-2627, at ¶¶ 46-49; *Page 7 State v. Ferko, Cuyahoga App. No. 88182, 2007-Ohio-1588, at ¶ 55-58;State v. Smith, Cuyahoga App. No. 88689, 2007-Ohio-3908, at ¶ 17.
 {¶ 16} Appellant's second assignment of error is therefore overruled.
 {¶ 17} Finally, in his fourth assignment of error, Walker contends that his trial counsel was ineffective for failing to object at his resentencing to the retroactive application of the remedy announced inFoster. In short, Walker contends that counsel should have raised at resentencing the arguments that he makes with respect to his second assignment of error.
 {¶ 18} To demonstrate ineffective assistance of counsel, a defendant must show that his counsel's representation was deficient and that he was prejudiced thereby. Strickland v. Washington (1984), 466 U.S. 668,691-692, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 141.
 {¶ 19} Counsel is not required to perform vain acts. State v.Baron, Cuyahoga App. No. 81914, 2003-Ohio-5376, at ¶ 31, citingState v. Johnson (May 31, 2001), Cuyahoga App. No. 78305. "`Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial.'" State v.Henderson, Cuyahoga App. No. 88185, 2007-Ohio-2372, at ¶ 42, quotingState v. Shannon (June 16, 1982), Summit App. No. 10505. As discussed above, this court has repeatedly held that Foster does not violate ex post facto principles or due process guarantees. Any objection in the trial court on these grounds would have *Page 8 
been futile. Thus, trial counsel's failure to raise this objection did not render his performance deficient, nor was Walker prejudiced thereby.
 {¶ 20} Appellant's fourth assignment of error is therefore overruled.
 {¶ 21} Sentence vacated in part and remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR. *Page 1