JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Carmen Trice, appeals her conviction and sentence from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} On April 29, 2006, Jeffrey and Charise Fisher were at the Mercury Lounge, located at 1392 West 6th Street in Cleveland, Ohio, with their friend Marie-Claire Maurice-Jones, the victim. At one point in the evening, Mrs. Fisher and the victim left their seats to dance. Mr. Fisher stayed behind and watched their purses. Mrs. Fisher's purse was to her husband's left, while the victim's purse was approximately three feet to Mr. Fisher's right.
 {¶ 3} Mr. Fisher testified that while his wife and the victim were dancing, Trice and another woman, Sonya Yates, sat down on the bench near Mr. Fisher. Trice was sitting next to the victim's purse. Mr. Fisher testified that he saw Yates reach over Trice toward the purse, but she did not take the purse at that time. Trice and Yates left shortly after.
 {¶ 4} When Mrs. Fisher and the victim returned from the dance floor, they discovered that the victim's purse was missing. The three searched for the purse in the bar and outside the bar. When they did not find the purse, they began to head home. On the way home, Mrs. Fisher decided to call the victim's cell phone to see if anyone answered. A woman answered and said, "We found your purse." The woman suggested that they meet at the gas station at the intersection of Woodland Avenue and East 55th Street in Cleveland. Mrs. Fisher agreed. *Page 4 
 {¶ 5} Mr. Fisher testified that he did not feel comfortable going to that location without a police escort. They located two Cleveland police officers near the Mercury Lounge and asked for assistance. Officer Rudin rode with the Fishers and the victim to East 55th and Woodland, while his partner, Officer Neidbalson, set up surveillance in his patrol car at that location.
 {¶ 6} Meanwhile, Officer Rudin had Mrs. Fisher call the woman back to change the location to the post office at that intersection because the gas station is too crowded at that hour (3:30 a.m.). During this conversation the woman indicated that they wanted to be compensated $200 for finding the purse. She also asked Mrs. Fisher if there were any boyfriends or police officers coming with her.
 {¶ 7} The Fishers, the victim, and Officer Rudin waited for approximately fifteen minutes at the post office for the women to arrive. Officer Rudin had Mrs. Fisher call the woman back and tell her that they were getting scared and wanted them to come soon with the purse. Soon thereafter, two cars pulled into the post office parking lot.
 {¶ 8} A blue Dodge, which was driven by Trice, pulled into the lot. A white Saturn, driven by Yates, pulled in after her. Officer Rudin exited the vehicle and attempted to stop and arrest both women. Yates pulled out from behind Trice's vehicle and sped past Officer Rudin, nearly hitting him.
 {¶ 9} Officer Rudin stood in front of Trice's vehicle and instructed her to show her hands and to get out of the car. While Trice was still in the car, she stated: "I *Page 5 
didn't take the purse. I didn't take the purse." Officer Rudin attempted to place Trice in handcuffs, and a struggle ensued. Trice was arrested.
 {¶ 10} Meanwhile, Officer Neidbalson and other Cleveland police officers stopped Yates. Yates was returned to the post office parking lot, where the Fishers and the victim identified her. The victim's purse, cell phone, credit cards, and other belongings were recovered from Yates's vehicle.
 {¶ 11} Trice was found guilty by a jury of theft and extortion. She was sentenced to a total of one year in prison. Trice appeals, advancing four assignments of error for our review.
 {¶ 12} Her first assignment of error states the following: "Carmen Trice was denied her constitutional right to cross-examine the witnesses against her by the introduction of improper hearsay in the state's case in chief."
 {¶ 13} At trial, three witnesses testified to the conversation between Yates and Mrs. Fisher. According to the testimony, Yates used the word "we" several times, presumably meaning herself and Trice. Trice argues that the trial court erred by allowing these statements into evidence. Trice argues that the statements were not admissible under Evid. R. 801(D)(2)(e) because no one authenticated that Yates was the speaker, Yates was not a co-conspirator of Trice, and there was no independent proof of the conspiracy.
 {¶ 14} Under Evid. R. 801(D)(2)(e) hearsay does not include "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy." The Supreme Court of Ohio recognized that *Page 6 
"the statement of a co-conspirator is not admissible pursuant to Evid. R. 801(D)(2)(e) until the proponent of the statement has made a prima facie showing of the existence of the conspiracy by independent proof."State v. Smith, 87 Ohio St.3d 424, 434, 2000-Ohio-450, citing State v.Carter (1995), 72 Ohio St.3d 545, paragraph three of the syllabus. See, also, State v. Milo (1982), 6 Ohio App.3d 19. A prima facie case is made out where the evidence introduced is sufficient to support, but not compel, a particular conclusion, and which only furnishes evidence which the jury may consider and weigh, but need not accept. State v.Martin (1983), 9 Ohio App.3d 150, citing Cleveland v. Keah (1952), 157 Ohio St. 331.
 {¶ 15} Trice argues that in order for co-conspirator statements to be admitted pursuant to Evid. R. 801(D)(2)(e), the conspiracy must be a crime as defined by R.C. 2923.01. Trice cites no law for her position.
 {¶ 16} Interestingly, Ohio law does not recognize the crime of conspiracy to commit theft or extortion under R.C. 2923.01. A person can be convicted of conspiracy only if he conspires to commit one of the enumerated offenses stated in R.C. 2923.01. Nevertheless, a person can be part of a conspiracy, in the general sense of the word, although not convicted of conspiracy in Ohio, when that person conspires with another individual to commit any crime.
 {¶ 17} In State v. Folchi (July 27, 1983), Hamilton App. No. C-820786, the First Appellate District addressed the separate crime of conspiracy under R.C. 2923.01 and how it relates to Evid. R. 801(D)(2)(e). Folchi was charged and convicted of bribery. Bribery is not included as one of the crimes listed in the conspiracy statute. *Page 7 
The court held that one could be a "co-conspirator" within the meaning of Evid. R. 801(D)(2)(e), without being a "co-conspirator" within the meaning of R.C. 2923.01. The court reasoned that "801(D)(2)(e) is a rule of evidence, codifying a longstanding qualification of the hearsay rule * * *. The use of the terms `conspiracy' and `co-conspirators' in the rule reflected the common law sense of the words, as herein set forth, and is in no sense a reflection of the current usage of the terms in R.C. 2923.01. One may be a `co-conspirator' for purposes of the rule of evidence without being a conspirator with a violation of R.C. 2923.01." At common law, the verb "conspire" was synonymous with "aid and abet," "solicit," and "procure," which illustrated the action necessary to be charged as an accomplice. Id.
 {¶ 18} In State v. Skatzes, 104 Ohio St.3d 195, 216, 2004-Ohio-6391, Skatzes argued that in order for co-conspirator statements to be admissible, the conspiracy must be a crime. The Supreme Court of Ohio stated: "Skatzes correctly asserts that Ohio law does not recognize the crime of conspiracy to commit aggravated riot under R.C. 2923.01. That fact does not render co-conspirator statements inadmissible." The court noted that it upheld the admissibility of co-conspirator statements when no criminal conspiracy was charged. Id., citing State v. Robb,88 Ohio St.3d 59, 68, 2000-Ohio-275. However, the court went on to say that "the state presented ample prima facie evidence of a conspiracy to commit kidnapping and murder, which are recognized as conspiracy crimes under R.C. 2923.01. Even if we were to find error in the state's reliance on aggravated riot as the underlying *Page 8 
conspiracy, that error would be harmless in view of the prima facie evidence of conspiracy to commit kidnapping and murder." Id.
 {¶ 19} We find that statements of co-conspirators are admissible even if conspiracy cannot be charged as a separate crime under R.C. 2923.01. For co-conspirator statements to be admissible pursuant to Evid. R. 801(D)(2)(e), the state must establish five elements: (1) the existence of conspiracy; (2) the accused's participation in the conspiracy; (3) the declarant's participation in the conspiracy; (4) the statement was made in the course of the conspiracy; and (5) the statement was made in furtherance of the conspiracy. Milo, supra, at 22.
 {¶ 20} In this case, the testimony revealed that Trice and Yates entered the bar together, sat together next to the purse, and then left together. Soon after they left, it was discovered that the purse was missing. Although in separate cars, both Trice and Yates arrived at the post office to exchange the purse. Trice pulled in first. We find that there was prima facie evidence of a conspiracy between Trice and Yates independent of the statements by Yates.
 {¶ 21} Next we turn to whether the statements by Yates made over the telephone were properly authenticated prior to their admission into evidence.
 {¶ 22} "Telephone conversations are admitted where the identity of the parties is `satisfactorily explained.'" State v. Williams (1979),64 Ohio App.2d 271, 274. "Testimony as to a telephone call is admissible where there is a reasonable showing, through testimony or other evidence, that the witness placed or received a call as alleged, plus some indication of the identity of the person spoken to. There is *Page 9 
no fixed identification requirement for all calls. * * * `Each case has its own set of facts.'" State v. Vrona (1988), 47 Ohio App.3d 145, 149,547 N.E.2d 1189 (citations omitted). "Circumstantial evidence, as well as direct, may be used to show authenticity. Williams, supra,64 Ohio App.2d 274. Moreover, the threshold standard for authenticating evidence pursuant to Evid. R. 901(A) is low, and `does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that * * * [the evidence] is what its proponent claims it to be.' State v. Easter (1991), 75 Ohio App.3d 22,25, 598 N.E.2d 845." State v. Young, Montgomery App. No. 18874, 2002-Ohio-1815.
 {¶ 23} In this case, phone conversations took place between Mrs. Fisher and the person or persons who had the victim's purse and cell phone. Arrangements were made between Mrs. Fisher and this person. Trice and Yates were in separate vehicles when they arrived at the arranged place. The cell phone and purse were recovered from Yates's automobile. We find that there was sufficient foundational evidence for the trier of fact to conclude that Yates spoke with Mrs. Fisher. Therefore, the statements were properly authenticated.
 {¶ 24} We find that the trial court did not err in allowing Yates's statements into evidence. Accordingly, Trice's first assignment of error is overruled.
 {¶ 25} Trice's second assignment of error states the following: "Appellant has been deprived of her liberty without due process of law by her convictions as an *Page 10 
aider and abettor, as the evidence adduced against her was not sufficient to prove her guilty beyond a reasonable doubt."
 {¶ 26} Trice argues that there was insufficient evidence that she aided and abetted the theft and extortion of the purse.
 {¶ 27} A challenge to the sufficiency of the evidence attacks the adequacy of the evidence presented. Whether the evidence is legally sufficient to sustain a conviction is a question of law. See State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. The relevant inquiry in a claim of insufficiency is "`whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 28} In order to support a conviction for complicity by aiding and abetting under R.C. 2923.03, "the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." State v. Johnson (2001),93 Ohio St.3d 240, 2001-Ohio-1336, syllabus. Such evidence may be inferred from presence, companionship, and conduct before and after an offense is committed. State v. Cartellone (1981), 3 Ohio App.3d 145,150. Further, "aiding and abetting may also be established by overt acts of assistance such as driving a getaway car or serving as a lookout." Id. *Page 11 
 {¶ 29} In the present case, the evidence presented went beyond Trice's "mere presence at the scene." Cartellone, supra, at 151. Trice went to the Mercury Lounge with Yates. She sat next to the victim's purse and then left with Yates. Soon thereafter the purse was discovered missing. Trice admittedly followed Yates around the city for nearly an hour in order to "return" the purse. Yates informed Mrs. Fisher that "we" found the purse and "we" want to be compensated. Yates informed Mrs. Fisher that they wanted $200 for the purse. She also asked whether Mrs. Fisher brought anyone with her to pick up the purse. Trice pulled into the meeting place first. When Trice was ordered out of the car by the police, she said: "I didn't take the purse. I didn't take the purse." Further, she did not immediately comply with the police officer.
 {¶ 30} We find that there was sufficient evidence to find Trice aided and abetted the theft and extortion of the purse. Accordingly, Trice's second assignment of error is overruled.
 {¶ 31} Trice's third assignment of error states the following: "Appellant has been deprived of her constitutional right to effective assistance of counsel."
 {¶ 32} Under this assignment of error, Trice argues that her attorney was ineffective because he failed to object to inadmissible hearsay statements.
 {¶ 33} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal *Page 12 
proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668, State v.Brooks (1986), 25 Ohio St.3d 144. Judicial scrutiny of defense counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102.
 {¶ 34} As we determined in Trice's first assignment of error, the statements Trice complains of were not hearsay and were admissible as statements by a co-conspirator under Evid. R. 801(D)(2)(e). Therefore, Trice's trial counsel was not ineffective when he did not object. Accordingly, Trice's third assignment of error is overruled.
 {¶ 35} Trice's fourth assignment of error states the following:
 {¶ 36} "Appellant has been deprived of her liberty without due process of law by her sentence, which is longer and not proportionate to that of her co-defendant, who was more culpable than she."
 {¶ 37} Trice argues that her sentence was disproportionate to the sentence imposed on her co-defendant, Yates, who was the principal offender. Trice was sentenced to one year in prison, while Yates received six months in prison, along with two years of community control sanctions.
 {¶ 38} When reviewing a trial court's proportionality analysis, we review the record to determine if it demonstrates that the trial court considered the purposes *Page 13 
and principles of R.C. 2929.11. State v. Walker, Cuyahoga App. No. 89950, 2008-Ohio-2180. R.C. 2929.11 does not require specific findings by the trial court; rather, it sets forth objectives for sentencing courts to follow. State v. Watson, Cuyahoga App. No. 86394,2006-Ohio-696, citing State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571. "R.C. 2929.11(B) is not a rigid checklist of requirements, but merely a guideline for courts to follow." State v.Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341.
 {¶ 39} R.C. 2929.11(B) states that the sentence imposed shall be consistent with sentences imposed for similar crimes committed by similar offenders. In State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, the Supreme Court of Ohio emphasized that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."
 {¶ 40} Here, Trice was found guilty of theft, a felony of the fifth degree, and extortion, a felony of the third degree. She faced anywhere from community control sanctions (minimum) to six years in prison (maximum consecutive). Trice received six months on the theft charge and one year concurrent on the extortion charge (total of one year in jail), with three years of post-release control. Conversely, Yates pled guilty to theft, a felony of the fifth degree; attempted extortion, a felony of the fourth degree; failure to comply, a felony of the third degree; and attempted assault on a peace officer, a felony of the fifth degree. She was sentenced to six months in prison followed by two years of community control sanctions. Yates faced anywhere *Page 14 
from community control sanctions to seven and one-half years in prison (maximum consecutive).
 {¶ 41} Both sentences fell within the statutory range mandated by the General Assembly. The record shows that the trial court considered the underlying purposes and principles of R.C. 2929.11(A), as well as R.C. 2929.11(B). The mere fact that a trial judge views the background or conduct of one offender differently from that of another involved in the same conspiracy does not render the different sentences disproportionate. Because both sentences fell within the prescribed range, we find that the trial court did not abuse its discretion when it sentenced Trice. Accordingly, Trice's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE KENNETH A. ROCCO, J., and *Page 15 
ANN DYKE, J., CONCUR *Page 1