JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This is an appeal from defendant-appellant Marlon McSwain's third sentencing hearing. McSwain contends that the trial court failed to adequately ensure that its sentence was proportionate to and consistent with sentences given to similarly situated offenders. He also contends that the trial court erred in retroactively applying changes to Ohio's sentencing statute adopted by the Ohio Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree and therefore affirm the trial court.
 {¶ 2} In May 2003, McSwain was indicted for multiple offenses arising out of an incident that occurred at a Cleveland duplex where the two victims, Jennifer Mayer and Michelle Haas, lived. State v. McSwain, Cuyahoga App. No. 83394, 2004-Ohio-3292, at ¶ 5.
 {¶ 3} Both Mayer and Haas testified at trial. Mayer testified that she lived in the downstairs half of the duplex and Haas, her friend, lived upstairs. Mayer did not have a clear memory of what happened on the night of February 2, 2003, because she had been drinking wine and vodka. She testified that she found McSwain in her home, but was not sure how he got there. She gave him a glass mug of water and he used her bathroom. Mayer testified that McSwain then tried to push her into the bedroom and told her that he was going to have sex with her. Mayer told McSwain he would not want to do that, because she was bleeding heavily.McSwain at ¶ 5-7. *Page 4 
 {¶ 4} Haas then arrived, and Mayer and Haas went into another room, where Mayer told Haas that McSwain had tried to rape her. They returned to the living room, and Haas told McSwain to leave. Haas tried to reach for her purse, which had a cellular phone in it, but McSwain grabbed her, swung her around, and punched her in the jaw. McSwain then ordered her to sit on the couch, which she did. Mayer would not sit down, so McSwain punched her in the mouth, knocking her onto the couch.McSwain at ¶ 11.
 {¶ 5} McSwain then took $300 from Haas's purse and instructed Haas and Mayer to empty their pockets. After searching under Haas's bra for more money, he ordered Mayer to get into a closet, and then wedged the door shut. Haas testified that McSwain then ordered her to take her clothes off, and threatened to hit her with the glass mug if she did not comply. She testified further that after she undressed, McSwain raped her.McSwain at ¶ 12-13.
 {¶ 6} Meanwhile, Mayer managed to dislodge a metal bar in the closet and kicked the door repeatedly until it opened far enough for her to squeeze out. As she got out of the closet, McSwain stood up from Haas and pulled up his pants. Mayer tried to hit McSwain with the pole, but he managed to get it away from her. He then struck her three times with the glass mug, rendering her unconscious. He left in Haas's car, after warning Haas that if she did "anything," he would come back and "slice [their] throats." McSwain at ¶ 9, ¶ 14. *Page 5 
 {¶ 7} With respect to the offenses against Haas, the jury found McSwain guilty of two counts of kidnapping, one with a sexual motivation specification, one count of aggravated burglary, and one count of aggravated robbery. (The jury was hung on the rape charge and the trial court declared a mistrial regarding this charge.) The jury found McSwain guilty of one count of kidnapping and two counts of felonious assault against Mayer.
 {¶ 8} The trial court sentenced McSwain to a total term of 26 years imprisonment. On appeal, this court affirmed his convictions, but reduced the aggravated robbery conviction to robbery. The court also held that the trial court had failed to merge the convictions for the allied offenses of kidnapping (against Haas) and felonious assault. The court remanded the matter for a partial resentencing and ordered the trial court to merge the allied offenses and then sentence McSwain on the two charges surviving the merger, sentence McSwain on the robbery charge, and advise him of the consequences of violating postrelease control. McSwain at ¶ 55-56.
 {¶ 9} In light of the Ohio Supreme Court's intervening decision inState v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, [1] the trial court sentenced McSwain de novo at the resentencing hearing. *Page 6 
 {¶ 10} At the hearing, defense counsel argued that "something in the neighborhood of 13 years" would be an "appropriate" sentence under the facts of this case. Defense counsel cited two Ohio cases which he argued were similar to McSwain's and in which the defendants were sentenced to 12 to 15 years incarceration. Defense counsel also referenced the federal sentencing guidelines, and argued that under these guidelines, McSwain would be sentenced to ten years incarceration. Finally, defense counsel argued that since he had been incarcerated, McSwain had earned his GED and completed the SORT program.
 {¶ 11} The trial court sentenced McSwain to ten years on the merged kidnapping count, finding that the kidnapping in this case was the worst form of the offense and worse than the cases cited by defense counsel. The court sentenced McSwain to eight years incarceration on the merged felonious assault count and ordered this term to be served consecutive to the ten-year term for kidnapping. The trial court also sentenced McSwain to five years incarceration for the robbery charge, to be served consecutive to the other terms, for a total of 23 years.
 {¶ 12} The trial court failed to sentence McSwain on the aggravated burglary charge and the kidnapping charge with respect to Mayer. Accordingly, McSwain's subsequent appeal was dismissed for lack of a final appealable order. State v. McSwain, Cuyahoga App. No. 86716. *Page 7 
 {¶ 13} In July 2007, the trial court held another sentencing hearing. Again the resentencing was de novo, this time in light of the Ohio Supreme Court's intervening decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.[2]
 {¶ 14} Prior to the hearing, defense counsel filed a sentencing memorandum, in which he indicated that in light of the two Ohio cases mentioned at the first resentencing hearing and the federal sentencing guidelines, a 13-year sentence was warranted. At the hearing, defense counsel advised the trial court that McSwain had completed a victim-awareness class in prison and was taking another behavioral improvement class. Counsel also advised the court that McSwain worked in the prison kitchen, where he was entrusted with knives-an indication that he was not considered dangerous. McSwain addressed the trial judge and expressed remorse and apologized to the victims.
 {¶ 15} The trial court then sentenced McSwain to 20 years of imprisonment-seven years for the merged kidnapping count, five years for aggravated burglary, four years for robbery, and four years for felonious assault, all counts to be served consecutively but concurrent with an additional five years on the other kidnapping count. *Page 8 
 Consistency and Proportionality
 {¶ 16} Under R.C. 2929.11(B), a sentence imposed for a felony "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing [protecting the public from future crime and punishing the offender] * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 17} McSwain argues that the trial court failed to adequately ensure that his sentence was proportionate to and consistent with sentences given to similarly situated offenders.
 {¶ 18} This court reviews a felony sentence de novo. R.C. 2953.08. A sentence will not be disturbed on appeal unless we clearly and convincingly find that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2); State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836, at ¶ 12.
 {¶ 19} After Foster, courts have full discretion to sentence a defendant within the statutory range and without stating any findings. See State v. Williams, Cuyahoga App. No. 87320, 2006-Ohio-4768. In exercising its discretion when sentencing an offender, a trial court must still carefully consider the statutes that apply to every felony case, including R.C. 2929.11 and 2929.12, *Page 9 
and the statutes that are specific to the case itself. State v.Mathis, 109 Ohio St.3d 54, 62, 2006-Ohio-855.
 {¶ 20} When reviewing a trial court's proportionality analysis, we review the record to determine if it demonstrates that the trial court failed to consider the purposes and principles of R.C. 2929.11.State v. Walker, Cuyahoga App. No. 89950, 2008-Ohio-2180, at ¶ 12, citing State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341. But R.C. 2929.11 does not require specific findings by the trial court; it sets forth objectives for sentencing courts to follow.Walker at ¶ 12, citing State v. Watson, Cuyahoga App. No. 86394,2006-Ohio-696. "R.C. 2929.11(B) is not a rigid checklist of requirements, but merely a guideline for courts to follow. * * *[T]rial courts exercise broad, but guarded, discretion within the framework of the guidelines outlined by reasonableness, proportionality and consistency under R.C. 2929.11(B)." Georgakopoulos at ¶ 27-28.
 {¶ 21} Here, the journal entry of sentencing specifically states that "the court considered all required factors of the law" and "the court finds that prison is consistent with the purpose of R.C. 2929.11." In addition, the imposition of a 20-year sentence for kidnapping, aggravated burglary, robbery, and felonious assault in a case involving two victims is not grossly disproportionate on the facts of the crimes as set forth in the record before us. Although McSwain cites two cases in which he contends similarly situated offenders received lesser *Page 10 
sentences, "[t]his court has previously `declined to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality.'" Georgakopoulos at ¶ 19, quoting State v.Vlahopoulos, Cuyahoga App. No. 80427, 2002-Ohio-3244.
 {¶ 22} Because the trial court is not required to make specific findings on the record before imposing sentence, the sentence imposed is within the statutory range for McSwain's convictions, the crimes committed support the imposition of a 20-year prison term, and the record reflects that the trial judge considered all applicable statutory factors in sentencing McSwain, we find that McSwain's sentence is not contrary to law.
 {¶ 23} Appellant's first assignment of error is overruled.
Retroactive Application of Foster
 {¶ 24} McSwain next argues that the trial court erred by applying the remedy announced in Foster to his case, because his criminal conduct predated Foster. This court has thoroughly reviewed this argument in prior cases and repeatedly rejected it. See, e.g., State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶ 37-47; State v.Lawwill, Cuyahoga App. No. 88251, 2007-Ohio-2627, at ¶ 46-49; State v.Ferko, Cuyahoga App. No. 88182, 2007-Ohio-1588, at ¶ 55-58.
 {¶ 25} Appellant's second assignment of error is therefore overruled. *Page 11 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and SEAN C. GALLGHER, J., CONCUR
[1] Jordan held that the trial court's failure to impose postrelease control orally at the sentencing hearing and include such imposition in the court's journal entry rendered the sentence void and required resentencing.
[2] In Foster, the Ohio Supreme Court found several sections of Ohio's statutory sentencing scheme unconstitutional, excised them from the statute, and ordered that cases pending on direct appeal be remanded for resentencing in light of its remedial severance. *Page 1