JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Darrin Snyder (Snyder), appeals his conviction for two counts of attempted menacing by stalking. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On March 12, 2007, a Cuyahoga County Grand Jury indicted Snyder with one count of menacing by stalking in case number CR-493334.
 {¶ 3} On June 14, 2007, a Cuyahoga County Grand Jury indicted Snyder with a separate count of menacing by stalking in case number CR-497392.
 {¶ 4} The charges arose out of Snyder's conduct towards Kimberly Keane (Keane), his ex-girlfriend and the mother of his two children, between November 21, 2006 and March 16, 2007. Snyder and Keane broke up and were in the midst of litigation regarding custody.
 {¶ 5} In a similar matter, Snyder was previously convicted of misdemeanor menacing in the Cleveland Municipal Court for placing a series of harassing phone calls to Keane. However, while out on bond in the instant matter, Snyder violated his probation when he pulled into a school parking lot near Keane's home to accept a phone call from his son in Iraq, when he placed a six-second phone call to Keane, and when neighbors found him crawling out from under a porch across the street from Keane's home. *Page 4 
 {¶ 6} On November 27, 2007, upon consolidation of the cases, the State amended the indictments to attempted menacing by stalking pursuant to R.C. 2923.02 and 2903.211. Snyder thereafter pleaded guilty to both counts.
 {¶ 7} On December 18, 2007, the trial court sentenced Snyder to eleven months in prison for each count, to be served concurrently. The trial court also imposed a $250 fine.
 {¶ 8} Snyder appeals and asserts one assignment of error for our review.
ASSIGNMENT OF ERROR
 "The trial court's sentence of eleven months was an abuse of discretion."
 {¶ 9} Appellate courts review sentences by applying a two-prong approach. First, the Supreme Court of Ohio, in a split decision, declared that we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law."State v. Kalish, Slip Opinion No. 2007-1703, 2008-Ohio-4912.[1]
 {¶ 10} Next, "[i]f the first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the *Page 5 
court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 11} The Supreme Court of Ohio held in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. Additionally, "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99.
 {¶ 12} Although Foster no longer requires the trial court to make findings or give reasons for imposing its sentence, R.C. 2929.11 and2929.12 remain operative, setting forth the statutory factors that the trial court must consider when imposing its sentence. State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855; Kalish at _13.
 {¶ 13} Specifically, R.C. 2929.11(A) sets forth the overriding purpose of felony sentencing in Ohio and reads, in part:
 "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Page 6 
 {¶ 14} Attempted menacing by stalking, as set forth in R.C. 2923.02
and 2903.211, is a felony of the fifth degree. See R.C. 2923.02(E)(1) and 2903.211. As a result, Snyder was subject to a minimum six-month sentence and a maximum twelve-month sentence. See R.C. 2929.14(A)(5). Thus, Snyder's eleven-month sentence is within the basic range of R.C. 2929.14(A).
 {¶ 15} In the case sub judice, the record demonstrates that the trial court considered R.C. 2929.11, 2929.12 and 2929.13 as it pertains to fifth degree felonies. The sentencing journal entry dated December 18, 2007, reads in part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."
 {¶ 16} Therefore, the trial court considered R.C. 2929.11 and 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. Thus, the sentence imposed by the trial court is not contrary to law.
 {¶ 17} Next we determine whether the trial court abused its discretion. The sentencing transcript reveals that the trial court considered the particular facts of this case including: the admitted psychological harm Keane sustained as a result of Snyder's attempted menacing in the instant case; the fact that Snyder's breakup with Keane and their child custody battle facilitated the offense; that Snyder did not cause physical harm to any persons or property; and *Page 7 
Snyder's previous misdemeanor menacing conviction in the Cleveland Municipal Court, which involved a series of harassing phone calls to Keane. See R.C. 2929.12.
 {¶ 18} Further, the trial court also took into consideration that Snyder violated his probation in the Cleveland Municipal Court case on three occasions.
 {¶ 19} The trial court also considered the presentence investigation report and Snyder's likelihood of recidivism, his expression of remorse, and his intention to move to Columbus, Ohio after incarceration. See R.C. 2929.12 and 2929.13. We find that the trial court gave "careful and substantial deliberation to the relevant statutory considerations."Kalish at _20. Thus, we cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably.
 {¶ 20} Snyder's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR.
[1] We recognize that Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances. *Page 1