[Cite as *State v. Burrell*, 2011-Ohio-2533.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95512**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LERRIAN T. BURRELL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521667

**BEFORE:** Blackmon, P.J., Stewart, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
Justice Center 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 1}  Appellant Lebrian T. Burrell ("Burrell") appeals his plea and sentence and assigns six errors for our review.[1]

{¶ 2}  Having reviewed the record and pertinent law, we affirm Burrell's plea and sentence, but remand the matter to the trial court regarding the imposed court costs.   The apposite facts follow.

### Facts

{¶ 3}  The Cuyahoga County Grand Jury indicted Burrell on 36 counts, which included numerous counts of rape and kidnapping and one count of gross sexual imposition.   The charges arose from Burrell's rape of five children under the age of 13 numerous times over the years.

{¶ 4}  Burrell entered a plea to five counts of rape.   All the remaining counts were dismissed, and Burrell agreed to a minimum 25 year sentence with the option for the trial court to impose a greater sentence.   After hearing from the victims' mothers and Burrell's grandmother, the trial court sentenced Burrell to six years on each count to be served consecutively for a total of 30 years in prison.   The trial court also classified Burrell as a Tier III sex offender.

### Nature of the Offenses

---

[1]See appendix.

**{¶ 5}** In Burrell's first assigned error he argues his plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to advise him as to the nature of the offenses to which he was pleading. More specifically, he argues the trial court failed to explain what "sexual conduct" he allegedly committed as set forth in the rape indictments and which victim was involved.

**{¶ 6}** Courts have divided Crim.R. 11 rights into constitutional and nonconstitutional rights. Concerning constitutional rights, courts must strictly comply with Crim.R. 11 mandates; for nonconstitutional rights, the standard is substantial compliance. *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show prejudicial effect." *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474.

**{¶ 7}** Courts are not required to explain the elements of each offense, or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. *State v. Kavlich* (June 15, 2000), Cuyahoga App. No. 77217, citing *State v. Rainey* (1982), 3 Ohio App.3d 441, 442, 446 N.E.2d

188; *State v. Swift* (1993), 86 Ohio App.3d 407, 412, 621 N.E.2d 513, jurisdictional motion overruled (1993), 67 Ohio St.3d 1410, 615 N.E.2d 1044; *State v. Burks* (Nov. 13, 1997), Cuyahoga App. No. 71904.

{¶ 8} In the instant case, the totality of the circumstances indicates that Burrell understood the charges against him. Before the court explained the rights he would be waiving, the court instructed him to interrupt the proceedings at any time if there was anything he did not understand. The court then advised him of his constitutional rights, and he indicated that he was pleading guilty of his own free will, that he was satisfied with his attorney, and that no threats or promises were made to induce his plea.

{¶ 9} The court read the indictment for the five counts, each which contained the following language "On or about January 2, 2007, to February 9, 2009, and in Cuyahoga County, you unlawfully did engage in sexual conduct with Jane Doe * * *, who is not your spouse and whose age at the time of the sexual conduct was less than 13 years, whether or not you knew her age." After reciting the language in the indictments, the court asked, "how do you plead to those five counts as I have read them to you." Burrell responded, "guilty." At no time did he appear to be confused regarding the elements of the offenses or who the victims were. Thus, the trial court did not err by failing to detail the exact sexual conduct that Burrell engaged in with the victims. Accordingly, Burrell's first assigned error is overruled.

## Effect of Guilty Plea

{¶ 10} In his second assigned error, Burrell argues that his guilty plea was invalid because the court failed to inform him of the "effect" of his plea as required by Crim.R. 11(C)(2)(b).

{¶ 11} Crim.R. 11(C)(2)(b) states that the court shall not accept a guilty plea without first ensuring that "the defendant understands the effect of the plea of guilty or no contest." The "effect" of a guilty plea is that the plea constitutes a complete admission of the defendant's guilt. See Crim.R. 11(B)(1).

{¶ 12} The court did not advise Burrell that the effect of his guilty plea would be a complete admission of his guilt, but the error was harmless. The rights contained in Crim.R. 11(C)(2)(b) are nonconstitutional, so Burrell is required to show that he suffered some prejudice from the court's omission. See *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶52; *State v. Taylor*, Cuyahoga App. No. 94569, 2010-Ohio-5607. He makes no argument that he was prejudiced by the court's failure to advise him of the effect of his guilty plea, nor is any prejudice apparent on the record. At no time during the plea proceedings did Burrell assert his innocence or in any other way indicate that he was unaware that his plea would constitute a complete admission of his guilt. Hence, the totality of the circumstances show

no prejudice from the court's failure to comply with Crim.R. 11(C)(2)(b). *Jones* at ¶54; *State v. Esner*, Cuyahoga App. No. 90740, 2008-Ohio-6654. Accordingly, Burrell's second assigned error is overruled.

## Court Costs

{¶ 13} In his third assigned error, Burrell argues the trial court erred by imposing court costs as a part of the sentence because the court failed to notify him of the costs at his sentencing hearing. The state concedes this error, relying on the recent Ohio Supreme Court case of *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

{¶ 14} We agree that the trial court erred. In *Joseph*, the court held that it was error for the trial court to impose court costs on a defendant when the defendant was not notified of the costs during the sentencing hearing. The court concluded, however, that such error did not void the defendant's sentence. The court explained that "[t]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does. Nor does the failure to inform a defendant orally of court costs affect another branch of government. It affects only the court and the defendant." Id. at ¶21.

{¶ 15} The *Joseph* court held that the defendant was not entitled to a full resentencing hearing, but remanded the matter for the limited purpose of allowing the defendant to file a motion for a waiver of payment of court costs.

Id. at ¶23. Accordingly, Burrell's third assigned error is sustained and the matter remanded for Burrell to seek a waiver of the court costs.

## Sentence Arbitrary

{¶ 16} In his fourth and fifth assigned errors, Burrell argues the trial court failed to consider the criteria set forth in R.C. 2929.12(B) regarding the seriousness of the offenses in imposing the 30-year prison sentence and relied upon facts outside the record.

{¶ 17} Appellate courts review sentences by applying a two-prong approach set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we must determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is contrary to law. *Kalish* at ¶4. If the sentence is not contrary to law, we then review the trial court's decision under an abuse-of-discretion standard. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶ 18} Burrell argues that in imposing the sentence, the trial court failed to consider the seriousness and recidivism factors set forth in R.C. 2929.12. Pursuant to the holding in *Foster,* trial courts are no longer required

to make findings or give reasons for imposing the sentence; however, R.C. 2929.11 and 2929.12 remain operative. While R.C. 2929.11 and R.C. 2929.12 remain operative, the court is not required to make findings pursuant to R.C. 2929.11 and R.C. 2929.12; it need only consider these provisions. *State v. Nolan,* Cuyahoga App. No. 90646, 2008-Ohio-5595; *State v. Page*, Cuyahoga App. No. 90485, 2008-Ohio-4244; *State v. McSwain*, Cuyahoga App. No. 90358, 2008-Ohio-3661; *State v. Garrett*, Cuyahoga App. No. 90428, 2008-Ohio-3549.

**{¶ 19}** In the instant case, the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 because the sentencing journal entry reads in part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." This is enough to show the trial court considered the factors in R.C. 2929.12. Cf. *State v. Harris*, Cuyahoga App. No. 90699, 2008-Ohio-5873, ¶103; *State v. Snyder*, Cuyahoga App. No. 90869, 2008-Ohio-5586; *Nolan.* Additionally, Burrell's 30-year sentence was within the permissible statutory range for his crimes. He could have received 50 years. Because the court imposed a sentence within the statutory range and considered R.C. 2929.11 and R.C. 2929.12 in imposing the sentence, the sentence is not contrary to law.

**{¶ 20}** Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶4. We find no evidence that the trial

court abused its discretion by sentencing Burrell to 30 years in prison. Although Burrell argues the trial court considered evidence outside the charges he pled to, the trial court stated: "I also have to mention that I can only sentence you for what you pled guilty to. I cannot sentence you for any crimes that you were not charged with and that were dismissed. I cannot sentence you for anything that may have happened that we don't know about. I am limited to the five rapes." There is no evidence that the trial court did not abide by the above statements.

{¶ 21} Moreover, as part of Burrell's plea agreement, he was aware he would receive a minimum of 25 years, but that the trial court could sentence him to more. Burrell, himself, stated at the sentencing hearing, "25 years ain't enough. If they hate me like that, my sisters, Nici, my cousins, I don't deserve no 25 years. * * * I wish you would have found me sooner. 25 years ain't nothing." Tr. 36. Even he conceded he deserved more time than 25 years in prison. Accordingly, Burrell's fourth and fifth assigned errors are overruled.

### Consecutive Sentences

{¶ 22} In his final assigned error, Burrell argues that the trial court failed to make the necessary required findings to justify the imposition of consecutive sentences. Although he recognizes that the Ohio Supreme Court in *Foster*, excised those statutory provisions that required judicial fact finding

before imposing consecutive sentences, he argues that the United State's Supreme Court decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, essentially overruled *Foster*. The Ohio Supreme Court recently rejected this argument and held that trial courts are not obligated to engage in judicial fact finding prior to imposing consecutive sentences. See *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. Accordingly, Burrell's sixth assigned error is overruled.

Judgment affirmed and remanded.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MELODY J. STEWART, J., and
JAMES J. SWEENEY, J., CONCUR

## **APPENDIX**

## Assignments of Error

"I. Defendant was denied due process of law when the court did not properly determine that defendant understood the nature of the offense."

"II. Defendant was denied due process of law when the court failed to inform the defendant as to the effect of a plea of guilty."

"III. Defendant was denied due process of law when the court, in a sentencing entry, assessed court costs when there was no pronouncement of court costs at the time of sentencing."

"IV. Defendant was denied due process of law when the court imposed a sentence based upon arbitrary consider-ations."

"V. Defendant was denied his constitutional rights under the Sixth and Fourteenth amendments when the court based its sentence on facts neither alleged in the indictment nor admitted by defendant at the time of the plea."

"VI. Defendant was denied due process of law when the court imposed consecutive sentences without any proper findings."