[Cite as *State v. Bartoe*, 2011-Ohio-2521.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95286

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JACOB BARTOE

DEFENDANT-APPELLANT

---

JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529964


**BEFORE:**   Kilbane, A.J., Jones, J., and S. Gallagher, J.


**RELEASED AND JOURNALIZED:**   May 26, 2011

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Jacob Bartoe (Bartoe), appeals his sentence. Finding no merit to the appeal, we affirm.

{¶ 2} In October 2009, Bartoe, and codefendant Christopher Jones (Jones) were charged with two counts aggravated robbery (Counts 1 and 2) and two counts of kidnapping (Counts 3 and 4). All four counts carried a one- and three-year firearm specification and a weapon forfeiture specification. Bartoe proceeded to a jury trial, at which the following evidence was adduced.

{¶ 3} On October 8, 2009, Stephen Donahue (Donahue), Bartoe, and Jones drove to Devon Boepple's (Boepple) apartment. Inside the apartment, the group smoked marijuana. At some point, Donahue went into the bathroom. When he walked out, Donahue observed Jones with a gun. Jones pointed the gun at Donahue and Beopple, ordering Beopple to give him her money. Then, Bartoe grabbed Donahue in a choke hold and Jones hit Beopple with his gun. He also punched Beopple several times. Donahue struggled with Bartoe and was released from Bartoe's hold after he hit Bartoe in the head with an ashtray. At the same time, Beopple managed to flee

from Jones and ran to her neighbor's apartment for help. Bartoe and Jones then fled from the apartment. Donahue attempted to chase after Bartoe and Jones, but they drove away.

{¶ 4} At the conclusion of trial, the jury found Bartoe guilty of all charges and firearm specifications. The trial court found Bartoe guilty of all weapon forfeiture specifications. Counts 1 and 2 merged for purposes of sentencing and the State elected to proceed with Count 1. On May 28, 2010, the trial court sentenced Bartoe to four years in prison on each of Counts 1, 3, and 4, to be served concurrently to each other, and three years in prison on the firearm specifications, to be served consecutively to Counts 1, 3, and 4, for an aggregate of seven years in prison.

{¶ 5} Bartoe now appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR ONE

**"[Bartoe] was denied due process of law when the court imposed a sentence that was disproportionate to that imposed upon a more culpable codefendant, in violation of R.C. 2929.11(B)[.]"**

{¶ 6} The Ohio Supreme Court has set forth the applicable standard of appellate review of a felony sentence in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4:

**"In applying [*State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,] to the existing statutes,**

**appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."**[1]

{¶ 7} Bartoe argues that his sentence was contrary to law because it is disproportionate to the sentence imposed on codefendant Jones. Apparently, the State offered Jones a plea deal in exchange for his testimony in Bartoe's case. On June 2, 2010, Jones pled guilty to amended charges, which included one count of aggravated robbery, a one-year firearm specification, and a weapon forfeiture specification. The trial court sentenced Jones to an aggregate of four years in prison. Bartoe contends that since his sentence is inconsistent with Jones's sentence, the trial court imposed his sentence without regard to R.C. 2929.11(B) and violated his constitutional rights.

{¶ 8} We note that while *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact, setting forth the statutory factors that the trial court must consider when imposing its sentence. *Kalish* at ¶13.

{¶ 9} Relevant to this appeal, R.C. 2929.11(B) provides that: "[a] sentence imposed for a felony shall be reasonably calculated to achieve the

---

[1]We recognize *Kalish* is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.

two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."[2]

{¶ 10} This court has previously recognized that there is no requirement for judicial findings in either R.C. 2929.11 or R.C. 2929.12, and that the trial court is required only to carefully consider the statutory factors before imposing its sentence. *State v. Samuels*, Cuyahoga App. No. 88610, 2007-Ohio-3904, ¶15. Furthermore, the *Kalish* court recognized that R.C. 2929.11 and 2929.12 are not fact-finding statutes; rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. at ¶17. "In considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

---

[2]R.C. 2929.11(A) provides that: "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 11} In the instant case, there is nothing in the record to demonstrate that Bartoe's sentence is contrary to law. First, his sentence is within the permissible statutory range. Second, the record reflects that the trial court considered the factors in R.C. 2929.11. Accordingly, Bartoe's sentence is not contrary to law.

{¶ 12} Having satisfied step one, we next consider whether the trial court abused its discretion. An "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. Here, the trial court indicated that Bartoe did in fact operate in concert with Jones. Bartoe placed Donahue in a choke hold, while Jones bludgeoned Boepple with a gun. Based on these facts, we do not find that Bartoe's sentence was unreasonable, arbitrary, or unconscionable.

{¶ 13} Finally, as for Bartoe's claim that his sentence is disproportionate to Jones's sentence, we find that he failed to raise this argument below. This court has previously held that in order to support a claim that a "sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." *State v. Edwards*, Cuyahoga App. No. 89181,

2007-Ohio-6068, ¶11.   See, also, *State v. Redding*, Cuyahoga App. No. 90864, 2008-Ohio-5739.

{¶ 14} In the instant case, Bartoe stated at the sentencing hearing that "since the court found me guilty of participation with [Jones], I just ask that you treat us fairly as the team that you say we acted as and you give us both the same penalty we deserve."  This limited dialogue, however, was insufficient to preserve the issue for appeal.   Jones was sentenced after Bartoe was sentenced, therefore, Jones's sentence was outside the record and the trial court could not use it as a starting point for its analysis.   "Without a starting point for the trial court to begin analysis, the issue has not been preserved for appeal and we decline to address it."   *State v. Thomas*, Cuyahoga App. No. 94335, 2011-Ohio-183, at ¶24, citing *State v. Woods*, Cuyahoga App. No. 82789, 2004-Ohio-2700.

{¶ 15} Having found that Bartoe's sentence was neither contrary to law nor an abuse of discretion, his sole assignment of error is overruled.

Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

LARRY A. JONES, J., and
SEAN C. GALLAGHER, J., CONCUR