[Cite as *State v. Apger*, 2012-Ohio-1360.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97372**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN APGER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547475

**BEFORE:** Kilbane, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 29, 2012

**ATTORNEY FOR APPELLANT**

Edward F. Borkowski, Jr.
323 W. Lakeside Avenue
Suite 420
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mary McGrath
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, John Apger ("Apger"), appeals his sentence. Finding no merit to the appeal, we affirm.

{¶2} In February 2011, Apger was charged in a 16-count indictment. Counts 1, 3, 5, 7, 9, 11, 13, and 15 charged him with kidnapping, with each count carrying a sexual motivation specification and a sexually violent predator specification. Counts 2, 4, 6, and 8 charged him with rape, with each count carrying a sexually violent predator specification. Counts 10, 12, 14, and 16 charged him with gross sexual imposition ("GSI"), with each count carrying a sexually violent predator specification. The charges arose from Apger's conduct of raping his biological daughter, beginning when she was nearly six years old (DOB 11/16/1998).

{¶3} Pursuant to a plea agreement, Apger pled guilty to three amended counts of rape, and the remaining charges were nolled. The trial court amended Counts 2, 4, and 6 to R.C. 2907.02(A)(2) instead of the initial violation of R.C. 2907.02(A)(1)(b), and the sexually violent predator specification was deleted from each count.

{¶4} At a hearing on September 22, 2011, the trial court sentenced Apger to ten years on each of Counts 2, 4, and 6, to be served consecutively, for an aggregate of 30 years in prison. The trial court also classified Apger as a Tier III sexual offender. Pursuant to defense counsel's request, the trial court held a subsequent hearing on

September 26, 2011. At this hearing the trial court sentenced Apger to eight years on each of Counts 2, 4, and 6, to be served consecutively, for an aggregate of 24 years in prison. The trial court also classified Apger as a Tier III sexual offender. We note that the trial court had authority to hold the subsequent hearing and sentence Apger because the sentence imposed at the September 22, 2011 hearing was never journalized by the clerk pursuant to Crim.R. 32. *See State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997) (where the Ohio Supreme Court held that a trial court had authority to vacate a finding of guilt and imposition of sentence and order the defendant to face trial on a more serious charge because the judgment had never been journalized by the clerk pursuant to Crim.R. 32); *see also State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, as modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142 and *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671.

{¶5} Apger now appeals, raising the following two assignments of error for review.

ASSIGNMENT OF ERROR ONE

The sentence imposed by the trial court is contrary to law.

ASSIGNMENT OF ERROR TWO

The trial court abused it discretion in imposing a 24-year sentence.

Standard of Review

**{¶6}** The Ohio Supreme Court, in a split decision, has set forth the applicable standard of appellate review of a felony sentence in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4:

> In applying [*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

Sentence

**{¶7}** In the first assignment of error, Apger argues that his sentence was contrary to law because the trial court failed to consider the relevant factors under R.C. 2929.11 and 2929.12. R.C. 2929.11(A) provides that:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[:] * * * to protect the public from future crime by the offender and others and to punish the offender * * *. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶8}** This court has previously recognized that there is no requirement for judicial findings in either R.C. 2929.11 or R.C. 2929.12, and that the trial court is required only to carefully consider the statutory factors before imposing its sentence. *State v. Bartoe*, 8th

Dist. No. 95286, 2011-Ohio-2521, ¶ 10, citing *State v. Samuels*, 8th Dist. No. 88610, 2007-Ohio-3904. Moreover, the *Kalish* court recognized that R.C. 2929.11 and 2929.12 are not factfinding statutes; rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Id.* at ¶ 17. "In considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." *Id.*

{¶9} We do not find Apger's sentence contrary to law. First, his 24-year sentence is within the permissible statutory range. Second, the record reflects that the trial court considered all required factors of law and found that prison was consistent with the purposes of the factors in R.C. 2929.11. Accordingly, Apger's sentence is not contrary to law.

{¶10} Having satisfied step one, we next consider whether the trial court abused its discretion. An "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶11} In the second assignment of error, Apger argues the trial court abused its discretion by offering groundless speculation as to his likelihood of reoffending and by refusing to recognize his statements of remorse.

{¶12} We find nothing in the record to suggest that the trial court abused its discretion or offered groundless speculation. Here, Apger repeatedly raped his daughter

for six years. The trial court considered Apger's actions and his refusal to take responsibility, the impact on the victim and her family, and Apger's psychiatric reports. One report indicates that Apger began molesting his six-year-old daughter by forcing her to perform oral sex on him. He also would touch her vagina with his hand and force her to sit on top of him as he lay naked on a bed. He would then rock her back and forth until his penis became hard. He threatened to kill her if she ever told anyone.

{¶13} In addition, Apger's psychiatric test results indicated that he has a significant sexual interest in females five years of age or younger and six to thirteen years of age, demonstrating that he is a risk in the future to children. While Apger argues that he was remorseful for his actions, a review of the transcripts reveal that Apger attempted to minimize his actions of forcing his daughter to preform oral sex on him by claiming that "things got out of hand" when he was teaching her about the birds and the bees.

{¶14} Moreover, we note that as part of his plea agreement, the following 13 counts out of a total of 16 counts were nolled: eight counts of kidnapping, four counts of GSI, and one count of rape. Apger faced the potential of multiple life sentences in prison, but the sexually violent predator specification was deleted from the three remaining rape charges. This left Apger with the potential of a maximum sentence of 30 years in prison. Here, the trial court sentenced him to 24 years in prison. Thus, based on the foregoing, we do not find that Apger's sentence was unreasonable, arbitrary, or unconscionable.

{¶15} Accordingly, the first and second assignments of error are overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR