[Cite as *State v. Nash*, 2012-Ohio-2308.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97388**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL A. NASH

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545780

**BEFORE:** Jones, J., Blackmon, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: David M. King
Assistant County Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Brett Kyker
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Michael Nash, appeals his sentence from rape and kidnapping convictions. We affirm.

{¶2} In 2011, Nash was charged with one count of kidnapping with sexual motivation and sexually violent predator specifications; four counts of rape with a sexually violent predator specification; and two counts of gross sexual imposition with sexually violent predator specifications.

{¶3} After plea negotiations with the state, Nash agreed to plead guilty to one count of kidnapping and three counts of rape; the state agreed to nolle all specifications and remaining charges. As part of the plea agreement, Nash agreed to serve at least eight years in prison and further agreed that none of the offenses were allied, and, therefore, none of the convictions would merge for sentencing.

{¶4} At the sentencing hearing, the trial court sentenced Nash to a total of 15 years in prison as follows: four years on Count 3 (rape), five years on Count 4 (rape), and six years on Count 5 (rape); those charges to run consecutive to each other but concurrent to seven years on Count 1 (kidnapping). The court also classified Nash as a Tier III sexual offender.

{¶5} It is from this sentence that Nash appeals, raising one assignment of error for our review:

> I. The trial court abused its discretion under R.C. 2929.11 and 2929.12 when it sentenced Mr. Nash to a term of [12] years in prison.

{¶6} We begin our analysis with the premise that the trial court has wide discretion to sentence an offender within the allowable statutory range permitted for a particular degree of offense. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100. R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the two purposes set forth in R.C. 2929.11(A): commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed on similarly-situated offenders. The court must also consider the seriousness and recidivism factors under R.C. 2929.12.

{¶7} But R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding. Rather, "[t]he court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. Thus, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton*, 8th Dist. No. 97132, 2012-Ohio-1054, ¶ 11, citing *State v. Lloyd*, 11th Dist. No. 2006-L-185, 2007-Ohio-3013, ¶ 44.

{¶8} Subsequent to *Foster*, the Ohio Supreme Court established a two-step analysis for appellate courts when reviewing a felony sentence:

> [f]irst, [the reviewing court] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

*State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

{¶9} For those sentences imposed consecutively, the Court declared the

requirements imposed by R.C. 2929.14(C)(4) unconstitutional and held that "judicial fact-finding is not required before imposition of consecutive prison terms." *Foster* at ¶ 99. Thereafter, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Court reiterated that R.C. 2929.14(C)(4) remained unconstitutional and imposed no fact-finding obligation on Ohio's trial courts. *Id.* at ¶ 39.

{¶10} The General Assembly recently amended R.C. 2929.14(C)(4) and enacted new language requiring fact-finding for consecutive sentences. Am.Sub.H.B. No. 86. But this legislation became effective September 30, 2011; therefore, it was not applicable to Nash, who was sentenced on September 13, 2011.

{¶11} Nash does not claim his sentence was contrary to law and we find that it was not. Nash's sentence was within the statutory guidelines and the trial court indicated that it considered all factors required by law and that prison was consistent with the purposes of R.C. 2929.11, therefore, the first prong of *Kalish* has been met.

{¶12} We next consider whether the trial court abused its discretion in sentencing Nash to 15 years in prison. Nash claims that the trial court abused its discretion by failing to consider that he was a first-time offender, suffered from mental illness and depression, and was not likely to reoffend.

{¶13} At the sentencing hearing, the trial court indicated that it considered defense counsel's sentencing memorandum, the presentence investigation report, a mitigation of penalty report, and the victim impact statement. The trial court acknowledged that Nash had a "very low risk of reoffending." The trial court further noted that Nash's

relationship with the victim, who was a close friend and co-worker, facilitated the offenses for which he was convicted and that fact rendered his crime more serious pursuant to R.C. 2929.12.

{¶14} The trial court outlined the facts of the case and stated it was considering the factors set forth in R.C. 2929.11 and 2929.12. The trial court noted that Nash held his co-worker hostage for hours on Christmas Eve, digitally raped her, threatened to kill her, repeatedly bit, choked, slapped, and punched her, threw the victim across the room, and threatened to kill himself. The trial court further acknowledged that based on Nash's statements to the victim during the incident, he may have killed her had she not been able to escape.

{¶15} Based on these facts, we find that the trial court did not abuse its discretion in sentencing Nash to 15 years in prison.

{¶16} The sole assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA A. BLACKMON, A.J., and
JAMES J. SWEENEY, J., CONCUR