[Cite as *State v. Balta*, 2012-Ohio-3462.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   97755

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JEREMIAH BALTA

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-551433

**BEFORE:**   E. Gallagher, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 2, 2012

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Ronni Ducoff
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendant-appellant Jeremiah Balta appeals from his sentence imposed in the Cuyahoga County Court of Common Pleas. Appellant argues that the trial court erred in imposing the maximum prison term for his conviction of rape. For the following reasons, we affirm.

**{¶2}** Appellant was indicted on June 21, 2011, and charged with three counts of rape and three counts of kidnapping. The indictment contained several sexual motivation specifications and sexually violent predator specifications. Appellant entered a not guilty plea to the charges.

**{¶3}** On October 27, 2011, appellant retracted his not guilty plea and entered a plea of guilty to one count of rape in violation of R.C. 2907.02(A)(2) and the sexually violent predator specification attached to that count was deleted by amendment. All remaining counts were nolled. The trial court sentenced appellant to a prison term of ten years and found him to be a Tier III sex offender.

**{¶4}** Appellant brought the present appeal from his sentencing and asserts the following sole assignment of error:

"The trial court abused its discretion in sentencing Defendant to a maximum sentence of imprisonment, and the sentence is contrary to law."

**{¶5}** Within this assignment of error, appellant complains that the trial court's sentence is contrary to law because the trial court failed to consider the recidivism sentencing factors under R.C. 2929.12 and further asserts that the trial court's imposition of the maximum possible prison term was an abuse of the court's discretion.

**{¶6}** The Ohio Supreme Court has set forth the proper standard for the review of sentencing determinations made in felony cases in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, which was adopted by this court as recognized in *State v. Brunning*, 8th Dist. No. 95376, 2011-Ohio-1936, ¶ 16, fn.2.

**{¶7}** Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. *Id.* To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶8}** In this matter, defendant pled guilty to rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, which carried a possible penalty of three to ten years of imprisonment. R.C. 2929.14(A)(1).[1] Appellant acknowledges that his prison sentence is within the statutory limits but argues that the trial court failed to

---

[1]R.C. 2929.14(A)(1) was modified after the commission of appellant's offense to provide for a maximum term of 11 years for felonies of the first degree.

consider the recidivism factors contained within R.C. 2929.12(D) and (E).

**{¶9}** Appellant's argument is expressly contradicted by the record. R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. At sentencing, the trial court heard extensive argument from appellant's counsel regarding the recidivism factors contained in R.C. 2929.12(D) and (E). Prior to imposing sentence the trial court stated:

> After consideration of the record, the oral statements made today, the purposes and principles of sentencing under Ohio Revised Code 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to Revised Code Section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution, and the Court having considered the three-year minimum sentence but having concluded that the shortest prison term will demean the seriousness of the offender's conduct and will not adequately protect the public from future crime by the offender, the Court finds that a prison sentence is consistent with the purposes and principles of sentencing under Ohio Revised Code Section 2929.11; * * *

**{¶10}** Furthermore, the trial court's sentencing journal entry reads in part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." This statement has been held to be enough to show the trial court considered the factors in R.C. 2929.12. *State v. Burrell*, 8th Dist. No. 95512, 2011-Ohio-2533, ¶ 19, citing *State v. Harris*, 8th Dist. No. 90699, 2008-Ohio-5873, ¶ 103; *State v. Snyder*, 8th Dist. No. 90869, 2008-Ohio-5586.

**{¶11}** The record reflects that the trial court considered all required factors of law and found that prison was consistent with the purposes of the factors in R.C.

2929.11. Accordingly, appellant's sentence is not contrary to law. *State v. Apger*, 8th Dist. No. 97372, 2012-Ohio-1360, ¶ 9; *State v. Nash*, 8th Dist. No. 97388, 2012-Ohio-2308, ¶ 11.

{¶12} Having satisfied step one, we next consider whether the trial court abused its discretion. While conceding that a minimum sentence may not have been appropriate under the factual circumstances of his case, appellant argues that the trial court abused its discretion in imposing the maximum sentence in light of the fact that he admitted his offense, showed remorse and had no prior criminal record.

{¶13} Appellant raped the four-year-old daughter of his girlfriend of eight years. At sentencing, the trial court heard from the victim's mother and her grandfather. The record reflects that the family had taken appellant into their home, out of generosity, when he was homeless at the age of eighteen. Appellant was present in the operating room with the victim's mother when the victim was born, lived with the family and had a role in caring for the victim.

{¶14} Statements from both the victim's mother and grandfather revealed the depth of suffering inflicted upon the victim as well as the family as a result of appellant's crime. The victim has experienced emotional suffering including depression, anger and nightmares. As a result of the crime, both the victim and her mother struggle to trust others and have lost close friends as a result of the crime becoming public knowledge. The victim's mother stated that the victim has exhibited inappropriate behavior at day care as a result of the crime.

**{¶15}** This court has previously upheld the imposition of a maximum prison sentence upon an offender with no prior criminal record. *State v. Bonness*, 8th Dist. No. 96557, 2012-Ohio-474; *State v. Bokisa*, 8th Dist. No. 95293, 2011-Ohio-845. R.C. 2929.12(B) instructs the trial court to consider a number of factors that indicate the offender's conduct is more serious than conduct normally constituting the offense including, relevant to the present case:

> (1) The physical or mental injury suffered by the victim * * * was exacerbated because of the * * * age of the victim.
> (2) The victim of the offense suffered serious * * * psychological * * * harm as a result of the offense. * * *
> (6) The offender's relationship with the victim facilitated the offense.

**{¶16}** While the above factors indicate that appellant's conduct was more serious in the present instance, none of the factors indicating that the conduct was less serious, found in R.C. 2929.12(C), are applicable here.

**{¶17}** Appellant argues that the recidivism factors in R.C. 2929.12(D) and (E) weigh in his favor. Specifically, that he had no prior criminal record and the situation of familial trust that he abused is a circumstance unlikely to recur. However, it is well settled that the weight to be given any R.C. 2929.12 factor is within the trial court's discretion. *State v. Nance*, 8th Dist. No. 89394, 2008-Ohio-445, ¶ 36. "The trial court has significant discretion in determining what weight, if any, it assigns to the statutory seriousness and recidivism factors and any other relevant evidence." *State v. Clay*, 8th Dist. Nos. 89339, 89340, 89341, 2008-Ohio-314, ¶ 12, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793.

**{¶18}** In light of the significant record established at sentencing supporting the conclusion that appellant's crime was more serious than conduct normally constituting the offense, we cannot conclude that the trial court abused its discretion by implicitly assigning little weight to appellant's arguments regarding the recidivism factors and imposing the maximum prison term.

**{¶19}** Appellant's sole assignment of error is overruled.

**{¶20}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR