[Cite as *State v. Pendergrass*, 2012-Ohio-5186.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98486**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL PENDERGRASS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549687

**BEFORE:** Rocco, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

**ATTORNEY FOR APPELLANT**

Carol Jackson
3900 Cullen Drive
Cleveland, OH   44105

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Kristin Karkutt
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, OH   44113

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, defendant-appellant Michael Pendergrass appeals from the sentence imposed by the trial court after he entered guilty pleas to charges of rape and abduction.

{¶2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. App.R. 11.1(E).

{¶3} Pendergrass presents one assignment of error. He argues that a sentence of ten years for his convictions was both contrary to law and an abuse of discretion. This court disagrees.

{¶4} Pendergrass was indicted in this case in May 2011 on four counts for an incident that occurred in July 2002. He was charged with rape, two counts of kidnapping, and felonious assault. The first count carried a sexually violent predator specification ("SVP"). Both kidnapping counts contained SVPs and sexual motivation specifications.

{¶5} Just before trial commenced on March 21, 2012, Pendergrass accepted the state's plea offer. As outlined by the prosecutor, in exchange for Pendergrass's guilty pleas, the state would delete the SVP from the rape charge, amend a charge of kidnapping to one of abduction without any specifications, dismiss the other two counts, and agree that the rape and abduction counts merged for sentencing purposes.

{¶6} The trial court conducted a careful and thorough colloquy before it accepted Pendergrass's guilty pleas. Pendergrass understood the maximum penalty for the rape conviction was a prison term of three to ten years.

{¶7} The trial court obtained a presentence report and a psychiatric report prior to conducting the sentencing hearing. After listening to statements from the prosecutor, defense counsel, and Pendergrass, the trial court reflected on the purposes and principles of sentencing, related Pendergrass's criminal history dating from 1996, and noted that Pendergrass currently had "three active warrants" from area municipal courts. The trial court commented that "every time [Pendergrass] has been placed on probation by a court, be it federal or state, he has violated that probation and has been sentenced to prison as a result."

{¶8} The court further noted that the victim had suffered serious physical and psychological harm, Pendergrass had committed the offenses while on community control for other convictions, and Pendergrass also indicated in the presentence report that he had no genuine remorse for committing the offenses. The trial court stated,

> This is a situation where * * * this victim has been waiting for justice for almost 10 years. And thanks to modern technology that justice has finally come. It would not [sic] probably never have come to light but for the DNA test and the CODIS tests that the government runs these days that are opening and closing a lot of cases that would otherwise have gone forever as unsolved crimes, be it rapes or homicides or kidnappings.
> And so in this case the defendant was able to stay out for ten years while the victim in this matter suffered * * * .

{¶9} The trial court noted that the state had elected to proceed on the rape charge, and imposed a sentence of ten years.

**{¶10}** Pendergrass argues in his sole assignment of error that the sentence should be reversed because the trial court considered improper matters rather than focusing on the relevant statutory factors. Based upon the foregoing facts, this court disagrees.

**{¶11}** Citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, as the touchstone for appellate analysis, this court faced a similar argument in *State v. Balta*, 8th Dist. No. 97755, 2012-Ohio-3462. Pendergrass's "argument is expressly contradicted by the record." *Id.* at ¶ 9. The term imposed on Pendergrass was within the statutory limits applicable at the time the offenses were committed, and the trial court provided a cogent and thoughtful explanation for choosing the maximum term. Thus, Pendergrass's sentence is neither contrary to law nor an abuse of discretion. *Id.*

**{¶12}** Pendergrass's assignment of error, accordingly, is overruled.

**{¶13}** His sentence is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR